**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES INTERNATIONAL
TRADE COMMISSION
500 E Street, SW
Washington, DC 20436

Petitioner,

v.

AMERICAN FRUITS AND FLAVORS, LLC
C/o Corporation Service Company, 251 Little Falls
Drive, Wilmington, DE 19808

Respondent.

---

Miscellaneous No. _____

**PETITION FOR AN ORDER TO ENFORCE SUBPOENA ISSUED BY
THE UNITED STATES INTERNATIONAL TRADE COMMISSION
AND REQUEST FOR EXPEDITED TREATMENT**

Pursuant to section 333(b) of the Tariff Act of 1930, as amended ("Tariff Act"),

19 U.S.C. § 1333(b), the United States International Trade Commission ("Commission") hereby

petitions this Court for an order requiring American Fruits and Flavors, LLC ("AFF"), c/o

Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, to testify in

accordance with a subpoena *ad testificandum* ("subpoena") issued by the Commission on

February 10, 2026, in the course of its administrative proceeding, entitled *Certain Glycerol

Esters of Rosin And Packaging Thereof* ("*Glycerol Esters of Rosin*"), Inv. No. 337-TA-1476.  A

memorandum of points and authorities in support of this petition, exhibits, and a proposed order

to show cause are attached to this petition.

The Commission further alleges the following:

1.      Petitioner is an independent administrative agency of the United States government organized and existing pursuant to 19 U.S.C. § 1330, *et seq.*  Among its various responsibilities, the Commission is authorized and directed by section 337 of the Tariff Act, 19 U.S.C. § 1337 ("section 337"), to conduct investigations into allegations of certain unfair practices in the import trade.  These investigations are formal adjudications under the Administrative Procedure Act.  19 U.S.C. § 1337(c); 5 U.S.C. § 554(a).  Section 337 declares unlawful, *inter alia*, unfair methods of competition and unfair acts in the importation of articles into the United States, or in the sale of such articles, the threat or effect of which is to destroy or substantially injure an industry in the United States.[1]  19 U.S.C. § 1337(a)(1)(A)(i).  The Commission is authorized to issue several types of remedial orders for violation of section 337, including an order directing respondents found in violation to cease and desist from the unfair acts, an order excluding the subject articles from entry into the United States, or both.  19 U.S.C. § 1337(e), (f).

2.      Generally, three types of parties participate in a section 337 investigation, namely, the complainant or complainants that allege a violation of section 337, the respondent or respondents that are alleged to have violated section 337, and a staff investigative attorney from the Commission's Office of Unfair Import Investigations ("OUII"), whose function is to represent the public interest, to investigate allegations in the complaint, and to present evidence and argument, as a party, on the issue of whether section 337 has been violated.

---

[1]  A more complete explanation of the Commission's functions is contained in the memorandum of points and authorities in support of the petition.  The Commission's procedural rules for investigations conducted under section 337 and related proceedings are found in 19 C.F.R. Part 210.

3.     To carry out its functions and duties in connection with section 337 proceedings, the Commission and its agents are empowered to compel by subpoena the production of evidence and testimony of witnesses related to its inquiries.  19 U.S.C. § 1333(a), (b).  Pursuant to 19 U.S.C. § 1333(b), the Commission may require such production of evidence or testimony from any location in the United States at any designated place of hearing.

4.     This Court has jurisdiction over this action to enforce the Commission's subpoena to respondent by virtue of 19 U.S.C. § 1333(b), which provides that the Commission may invoke the aid of any district court of the United States within the jurisdiction of which an inquiry is carried on in requiring the attendance and testimony of witnesses and the production of evidence.[2]  *See, e.g., U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 249–51 (D.C. Cir. 2005).  Section 333(b) further provides that, in case of refusal to obey a subpoena issued to any corporation or other person, the Court may issue an order requiring such corporation or person to appear before the Commission, to produce evidence, or to give evidence touching upon the matter in question.

5.     The administrative proceeding, in the course of which the Commission issued the subpoena to AFF, is being conducted in this judicial district at the United States International Trade Commission, located at 500 E Street SW, Washington, DC 20436.

6.     Upon information and belief, AFF is a Delaware corporation with the following registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.     The Commission instituted the *Glycerol Esters of Rosin* investigation under section 337 on January 8, 2026, based on a complaint filed by T&R Chemicals, Inc. ("T&R") of

---

[2]  The Commission has statutory authority to represent itself in all judicial proceedings.  19 U.S.C. § 1333(g).

Clint, Texas.  91 Fed. Reg. 720 (Jan. 8, 2026).  The complaint alleges violations of section 337 in the importation into the United States and sale of certain glycerol esters of rosin and packaging by reason of unfair competition through false advertising and tortious interference, the threat or effect of which is to destroy or substantially injure an industry in the United States or to prevent the establishment of an industry in the United States.  *Id.*  The Commission's notice of investigation named the following entities as respondents:  Caragum International of Le Rove, France ("Caragum") and Kemi Pine Rosins Portugal S.A. of Cantanhede, Portugal ("Kemi").

8.      The notice of investigation also indicated that OUII would participate as a party in the investigation.

9.      On February 10, 2026, the administrative law judge ("ALJ") presiding over the *Glycerol Esters of Rosin* investigation signed two subpoenas directed to non-party AFF.  The first subpoena order the production of documents, a product sample and related testimony.  The second subpoena, relevant here, ordered AFF to testify on March 2, 2026 by "televideo means" on a number of topics deemed to be relevant to issues in the investigation.

10.      Each subpoena instructed AFF that any motion to limit or quash this subpoena shall be filed within ten days after receipt.

11.      Counsel for T&R served the subpoenas on AFF via FedEx on February 10, 2026.

12.      AFF did not file a motion to limit or quash the subpoenas.

13.      In response to the first subpoena, AFF produced a sample of the product at issue in the investigation purchased from respondent Caragum, as well as a number of documents.

14.      In response to the second subpoena, AFF informed T&R and OUII "AFF's position is that we have searched for and provided all the documents requested, provided a requested sample, and will agree to answer any written questions under oath."

4

15.     In subsequent correspondence, T&R offered to conduct the televideo deposition at a date and time convenient for AFF.  AFF agreed to provide a declaration or answer written questions under oath, but it refused to produce a witness to testify in a deposition.

16.     On April 14, 2026, T&R moved the ALJ presiding over the *Glycerol Esters of Rosin* investigation to certify to the Commission a request for judicial enforcement of the subpoena.

17.     On April 24, 2026, OUII filed a response supporting T&R's motion.

18.     On May 6, 2026, AFF filed a response opposing the motion, in which it argued that a deposition "is not needed, nor will it be helpful to this investigation, and instead imposes an undue burden on Third-Party AFF."

19.     On May 12, 2026, the presiding ALJ issued Order No. 20, granting the motion and certifying a request to the Commission to obtain judicial enforcement of the subpoena.  The ALJ found that the subpoena "seeks relevant information and is for a proper purpose." The ALJ also found that "T&R has taken steps to make the deposition less burdensome to AFF" and that "it is reasonable to take the deposition of AFF, despite the fact that other third parties have been deposed in this Investigation."

20.     On May 22, 2026, the Commission issued a notice that it had determined to grant the ALJ's request for judicial enforcement of the subpoena and to authorize its Office of the General Counsel to seek judicial enforcement of the subpoena.

21.     The current deadlines for the completion fact and expert discovery in the *Glycerol Esters of Rosin* investigation is currently July 10, 2026 and September 4, 2026, respectively.  An evidentiary hearing before the ALJ is currently scheduled to occur from December 7 to 11, 2026.

22.    In the accompanying memorandum of points and authorities, the Commission demonstrates why this Court should grant the Commission's petition for enforcement of the subpoena by AFF to produce a corporate representative to testify on the topics in the subpoena *ad testificandum*.  The accompanying memorandum also explains why this Court should grant expedited treatment to the Commission's petition and order how the petition and supporting documents may be served on AFF.

23.    The Commission has made no prior application to this or any other court for the relief requested in this petition.

**WHEREFORE**, the United States International Trade Commission respectfully invokes the aid of this Court and prays:

(1)    That the Court issue an order directing respondent American Fruits and Flavors, LLC to show cause why it should not comply with and obey the subpoena *ad testificandum* as requested in this petition;

(2)    That the Court order American Fruits and Flavors, LLC to comply with the subpoena *ad testificandum* as requested in this petition;

(3)    That the Court expedite consideration of this petition;

(4)    That the Court order the method of service of this petition and supporting documents; and

(5)    That petitioner be given such other relief as the Court may deem just and proper.

Date: June 18, 2026                          Respectfully submitted,

                                             Paul D. Lall
                                             Attorney-Advisor
                                             D.C. Bar No. 982191

By: /s/ *Paul D. Lall*
MARGARET D. MACDONALD
   General Counsel
SIDNEY A. ROSENZWEIG
   Attorney Advisor
PAUL D. LALL
   Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Tel:  (202) 205-2043
paul.lall@usitc.gov

*Counsel for Petitioner*
*United States International Trade Commission*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of June 2026, I served by email copies of the

following documents:

(1) Petition for an Order to Enforce Subpoena Issued by the United States International Trade Commission and Request for Expedited Treatment;

(2) Memorandum in Support of the Petition for an Order to Enforce Subpoena Issued by the United States International Trade Commission and Request for Expedited Treatment;

(3) Memorandum Exhibits A to I; and

(4) Proposed Order to Show Cause

upon the following:

Gabe Spooner, Esq.
Shook, Hardy & Bacon L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone:  (949) 975-1721
Email:  gspooner@shb.com

I further certify that on the 18th day of June 2026, I served copies of the same documents

via UPS overnight delivery upon the following:

President, American Fruits and Flavors, LLC
C/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808


/s/ Paul D. Lall
PAUL D. LALL
Attorney Advisor, Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC  20436
(202) 205-2043
paul.lall@usitc.gov

8